

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10583 |
| Plaintiff-Appellee, | D.C. No. 2:10-CR-00101-SRB-1 |
| v. | MEMORANDUM[*] |
| STANLEY WILLIAM TAYLOR, JR., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted November 30, 2011[**]
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[***]

Stanley Taylor, Jr., appeals from a conviction on one count of Conspiracy to

Possess Marijuana with Intent to Distribute in violation of 21 U.S.C. § 846. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R.App. P. 34(a)(2).

[***]    The Honorable James G. Carr, Senior District Judge for the U.S. District Court for
the Northern District of Ohio, sitting by designation.

affirm. Because the parties are familiar with the facts and procedural history, we will not recount them here.

Taylor contends that the district court erred in allowing the government's expert witness to testify when the expert witness did not provide his report until the first day of trial. Federal Rule of Criminal Procedure 16(a)(1)(G) requires that, "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Further, "[t]he summary provided . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*. Rule 16(a)(1)(F) requires that the defendant be able to inspect any report to be used in the government's case-in-chief once it becomes available to the government. In this instance, the government did precisely what it was required to do in as timely a fashion as it could.

Government counsel warned Taylor's attorney months in advance about the government's intent to produce an handwriting expert witness. At no point before the government made its report available did it lead Taylor to believe that it was not going to produce that witness.

To be sure, the government properly told Taylor's attorney that the expert's initial assessment was inconclusive as to a comparison between the exemplar Taylor submitted and the questioned document. Thereafter, however, the government told the attorney that it was procuring another example (from an independent source) for comparison.

Taylor's attorney did nothing in response to this notice, which came about a week before trial. Taylor cannot now claim that the government lulled him into believing that any expert handwriting testimony would not be inculpatory.

In any event, the government delivered the expert's report within moments of receiving it itself. Though this was on the first day of trial, time remained within which Taylor could prepare for the now likely inculpatory testimony. *See, e.g., United States v. Mendoza-Paz*, 286 F.3d 1104 (9th Cir. 2002); *United States v. Finley*, 301 F.3d 1000 (9th Cir. 2002) (analyzing the mirror Rule 16 provision for defense counsel).

Taylor, moreover, did not seek a continuance to enable him to find and obtain a report from his own expert. Before he can seek relief here, he must have made some effort, at least, to avoid the harm below.

The district court properly allowed the government to call its handwriting expert in its case-in-chief.

**AFFIRMED.**